# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Tiega-Noel Varlack (248203)<br>Varlack Legal Services<br>225 W. Winton Ave., Suite 207, Hayward, CA 94544<br>TELEPHONE NO.: (510) 397-2008   FAX NO.: (510) 397-2997<br>ATTORNEY FOR *(Name):* Heidi Voellger and Jose Aldana | **FILED**<br>Superior Court of California<br>County of San Francisco<br><br>AUG 23 2019<br><br>CLERK OF THE COURT<br>BY: _J. LaPuz_<br>          Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME: Civic Center

CASE NAME: Voellger v. Dignity Health

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-19-578638 |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount          (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 8/21/2019

Tiega-Noel Varlack                          ▶ _/s/ A. Van Camp_
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX
ONE LEGAL LLC

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov*<br>American LegalNet, Inc. |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
   Auto (22)–Personal Injury/Property Damage/Wrongful Death
   Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
   Asbestos (04)
     Asbestos Property Damage
     Asbestos Personal Injury/ Wrongful Death
   Product Liability *(not asbestos or toxic/environmental)* (24)
   Medical Malpractice (45)
     Medical Malpractice– Physicians & Surgeons
     Other Professional Health Care Malpractice
   Other PI/PD/WD (23)
     Premises Liability (e.g., slip and fall)
     Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
     Intentional Infliction of Emotional Distress
     Negligent Infliction of Emotional Distress
     Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
   Business Tort/Unfair Business Practice (07)
   Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
   Defamation (e.g., slander, libel) (13)
   Fraud (16)
   Intellectual Property (19)
   Professional Negligence (25)
     Legal Malpractice
     Other Professional Malpractice *(not medical or legal)*
   Other Non-PI/PD/WD Tort (35)

**Employment**
   Wrongful Termination (36)
   Other Employment (15)

**Contract**
   Breach of Contract/Warranty (06)
     Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
     Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
     Negligent Breach of Contract/ Warranty
     Other Breach of Contract/Warranty
   Collections (e.g., money owed, open book accounts) (09)
     Collection Case–Seller Plaintiff
     Other Promissory Note/Collections Case
   Insurance Coverage *(not provisionally complex)* (18)
     Auto Subrogation
     Other Coverage
   Other Contract (37)
     Contractual Fraud
     Other Contract Dispute

**Real Property**
   Eminent Domain/Inverse Condemnation (14)
   Wrongful Eviction (33)
   Other Real Property (e.g., quiet title) (26)
     Writ of Possession of Real Property
     Mortgage Foreclosure
     Quiet Title
     Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
   Commercial (31)
   Residential (32)
   Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
   Asset Forfeiture (05)
   Petition Re: Arbitration Award (11)
   Writ of Mandate (02)
     Writ–Administrative Mandamus
     Writ–Mandamus on Limited Court Case Matter
     Writ–Other Limited Court Case Review
   Other Judicial Review (39)
     Review of Health Officer Order
     Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
   Antitrust/Trade Regulation (03)
   Construction Defect (10)
   Claims Involving Mass Tort (40)
   Securities Litigation (28)
   Environmental/Toxic Tort (30)
   Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
   Enforcement of Judgment (20)
     Abstract of Judgment (Out of County)
     Confession of Judgment *(non-domestic relations)*
     Sister State Judgment
     Administrative Agency Award *(not unpaid taxes)*
     Petition/Certification of Entry of Judgment on Unpaid Taxes
     Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
   RICO (27)
   Other Complaint *(not specified above)* (42)
     Declaratory Relief Only
     Injunctive Relief Only *(non-harassment)*
     Mechanics Lien
     Other Commercial Complaint Case *(non-tort/non-complex)*
     Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
   Partnership and Corporate Governance (21)
   Other Petition *(not specified above)* (43)
     Civil Harassment
     Workplace Violence
     Elder/Dependent Adult Abuse
     Election Contest
     Petition for Name Change
     Petition for Relief From Late Claim
     Other Civil Petition

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Dignity Health, Kathleen Kuntz, and DOES 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Heidi Voellger and Jose Aldana

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
The Superior Court of California, County of San Francisco
400 McAllister Street, SF, CA 94102

**CASE NUMBER:**
*(Número del Caso):*
CGC-19-578638

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Tiega-Noel Varlack
Varlack Legal Services
225 W. Winton Ave., Suite 207, Hayward, CA 94544, (510) 397-2008

DATE: AUG 2 3 2019     Clerk, by _____, Deputy
*(Fecha)*                *(Secretario)*                *(Adjunto)*

Jacqueline Leenott
CLERK OF THE COURT
BY FAX
ONE LEGAL LLC

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** JAN-22-2020

**TIME:** 10:30AM

**PLACE:** Department 610
400 McAllister Street
San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order   **without an appearance**   at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.   **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
>
> (SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator
400  McAllister Street, Room 103-A
San Francisco, CA  94102
(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

M. Alieu Iscandari Esq. SBN: 184307
ISCANDARI & ASSOCIATES
303 Hegenberger Road Suite 311
Oakland CA 94621
Telephone: 510 606 9062
Izcan79@gmail.com

Tiega Varlack, Esq. (SBN 248203)
VARLACK LEGAL SERVICES
225 W. Winton Ave., Suite 207
Hayward, CA 94544
Telephone (510) 397-2008
Facsimile (510) 397-2997
tiega@varlacklegal.com

**F I L E D**
Superior Court of California
County of San Francisco

AUG 23 2019

CLERK OF THE COURT
BY: _____
Deputy Clerk

CGC-19-578638

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISIDICTION

| | |
|---|---|
| HEIDI VOELLGER,<br>JOSE ALDANA<br><br>Plaintiffs<br><br>vs.<br><br>DIGNITY HEALTH, KATHLEEN KUNTZ<br>and<br>DOES 1-10<br><br>Defendant | Case No.:<br><br>COMPLAINT FOR:<br>1. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;<br>2. RETALIATION: VIOLATION OF WHISTLE BLOWER STATUTE;<br>3. BREACH OF CONTRACT;<br>4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;<br>5. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;<br>6. OSHA VIOLATION |

HEIDI VOELLGER and JOSE ALDANA ("Plaintiffs"), individuals, by and through their attorneys bring this action against Defendant DIGNITY HEALTH ("Defendant" "Employer" "St. Mary's Medical Center") and KATHLEEN KUNTZ for wrongful termination, retaliation: violation of whistle blower statute, breach of contract, emotional distress, and failure to comply with OSHA. Plaintiffs complain and allege as follows:

*PLAINTIFFS' COMPLAINT FOR DAMAGES- 1*

BY FAX
ONE LEGAL LLC

## I. THE PARTIES

1. Plaintiff Heidi Voellger was at all times mentioned, a resident of the state of California and a Registered Nurse and employee of the St Mary's Medical Center, located in San Francisco California, and was assigned to the Emergency Room.

2. Plaintiff Jose Aldana was at all times mentioned, a resident of the state of California and a Registered Nurse and employee of the St Mary's Medical Center, located in San Francisco California, and was assigned to the Emergency Room.

3. Defendant St Mary's Medical Center is and at all times mentioned herein was a corporation organized and existing under the laws of the State of California with its principal place of business in San Francisco County, California.

4. Defendant Kathleen Kuntz was at all times mentioned the Chief Nurse Executive of Defendant St Mary's Medical center and in that capacity was responsible for all the wrongful actions taken against Plaintiffs.

5. Defendants DOES 1 through 10 were at all times relevant herein employees, agents, and/or members of the Board of Directors of Defendant St Mary's Medical Center and were persons who directly made or were involved in the decision to wrongfully terminate the employment of Plaintiff Voellger and suspension of Plaintiff Aldana in violation of public policy.

6. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will pray for leave of this court to amend this complaint to allege the true names and capacities when ascertained.

7. Plaintiffs are informed and believe, and thereon allege, that each of the defendants herein, was, at all times relevant to this action, the agent, employee, representing partner, or joint venturer of the remaining defendants and was acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

## II. JURISDICTION AND VENUE

8. Jurisdiction and venue as to Defendants is proper in this judicial district, pursuant to Code of Civil Procedure section 395(a). Defendant resides in San Francisco City and County and is otherwise within this Court's jurisdiction for purposes of service of process.

9. This Court has jurisdiction over Plaintiffs' claim pursuant to California Government Code Section 12965. Venue is proper in this Court because, pursuant to Section 12965, the unlawful practices are alleged to have taken place in San Francisco City and County, California.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. On August 20, 2019, Plaintiffs filed timely complaints of retaliation, and in Ms. Voellger's case wrongful termination, with the California Department of Fair Employment and Housing ("DFEH") and received Right-To-Sue notices. A copy of the notices is attached as **Exhibit 1**. Prior to filing the DFEH complaint, Plaintiffs participated in an internal grievance process with Defendant St. Mary's parent Dignity Health, which tolled the statute of limitations for administrative claims. The grievances were arbitrated on November 30, 2018.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff Heidi Voellger has been a registered Nurse for over 20 years. She has spent approximately 17 years as a Registered Nurse in emergency Room. At the time of the incidents alleged herein Plaintiff had been employed as an Emergency room nurse for approximately eight years at St Mary's Medical Center as a Staff Nurse IV.

12. Plaintiff Jose Aldana has been a registered Nurse for 20 years. At the time of the incidents alleged herein Plaintiff had been employed as an Emergency room nurse for approximately eighteen years at St Mary's Medical Center as a Staff Nurse II/Charge Nurse.

13. On July 9, 2018, a patient was taken to the ER at St Mary's Medical Center by ambulance after he had been found within the Haight area with an open wound to his head. The patient was extremely intoxicated. On the day in question, the ER was short-staffed by two nurses.

14. During the time that he was in the ER the patient was extremely hostile and combative. He repeatedly refused care and was yelling at staff as he was assigned a hall hospital bed.

15. In fact, the patient was so combative that security was called to restrain the patient's hands while the attending physician administered him care.

16. After being examined the patient refused to leave the hospital instead, he began to scream and yell threats. This is when Plaintiff Aldana came around the corner and told the patient he was discharged.

17. As plaintiff Aldana attempted to assist patient up from the bed, he became belligerent and swung at Plaintiff Aldana and tried to attack Plaintiff Voellger while he was on the bed.

*PLAINTIFFS' COMPLAINT FOR DAMAGES-* 4

18. The bed was located in a hall with EKGs and medical equipment. To protect the patient, the equipment, and all others on the floor, Plaintiffs wheeled the patient outside. Patient continued to yell expletives and swing at Plaintiffs with closed fists.

19. To protect themselves Plaintiffs did not use their hands to assist the patient, instead they used a "pull sheet" to assist the patient up and away from them and onto his feet.

20. Patient rose to his feet, then laid on the ground and would not move until the police were called. Portions of the incident were captured on video and witnessed by staff and the security guard.

21. Despite overwhelming evidence that Plaintiffs handled the incident correctly, Defendant disciplined Plaintiffs for alleged violation of policy. After the incident, Plaintiffs were suspended and ultimately terminated from employment on July 27, 2018.

### FIRST CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy
### (As to all Defendants)

22. Plaintiff Voellger hereby incorporates by reference the foregoing paragraphs, as though fully set forth herein.

23. Plaintiff's wrongful termination from her employment with Defendant was based upon Defendant's violation of the Public Policy of the State of California as put forward in the Fair Employment Housing Act, the California Constitution, and other statutes and provisions.

24. As a proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer substantial monetary losses and has suffered and continues to suffer emotional distress in an amount according to proof at the time of trial.

25. Defendants, and each of them, did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. The acts

alleged herein were known to, authorized, and ratified by Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants and each of them, in an amount according to proof at the time of trial.

Wherefore, Plaintiffs request relief as set forth below.

## SECOND CAUSE OF ACTION
**Retaliation in Violation of Government Code §12940(h); Labor Code Section 1102.5**
**(As to all Defendants)**

26. Plaintiffs hereby incorporate by reference the foregoing paragraphs, as though fully set forth herein.

27. In violation of California Government Code § 12940 et seq. and Labor Code 1102.5, Defendants retaliated against Plaintiffs "for disclosing information ... to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance."

28. Namely, after Plaintiffs called the police and then reported the incident to Defendant's upper management over the lack of security in the ER, Plaintiffs were suspended and in Plaintiff Voellger's case terminated.

29. By reason of the conduct of Defendants and each of them as alleged herein, Plaintiffs have necessarily retained attorneys to prosecute the within action. Plaintiffs are therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of Defendants and each of their actions, Plaintiffs sustained economic damages to be proven at trial. As a further result of Defendants and each of their actions, Plaintiffs suffered emotional distress, resulting in damages to be proven at trial.

30. The conduct of Defendants and of their agents and/or employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for Plaintiffs' rights and for the deleterious consequences of Defendants' actions. Defendant and their agents and/or employees or supervisors authorized, condoned, and ratified the

unlawful conduct against Plaintiffs. Consequently, Plaintiffs are entitled to punitive damages against Defendants.

Wherefore, Plaintiffs request relief as set forth below.

## THIRD CAUSE OF ACTION
### Breach of Contract
### (As to all Defendants)

31. Plaintiffs hereby incorporate by reference the foregoing paragraphs, as though fully set forth herein.

32. Plaintiffs entered in an employment contract with Defendant. Defendant agreed to pay Plaintiff's hourly wages on an average 40-hour work week excluding overtime. The existence of the employment contract was evidenced by several pay stubs from the Defendant to Plaintiffs.

33. Plaintiffs have at all times performed the terms of the contract which in essence required that they provide labor in return for the agreed upon wages and a safe working space.

34. Plaintiffs was employed by Defendant for many years, consistently received either good or excellent performance evaluations, and merit raises, and were assured on numerous occasions that they were doing a good job and that they would be safe to work without fear of physical assault and bodily harm.

35. Plaintiffs relied on these assurances; to conclude that the parties had entered into an implied contract that Plaintiffs would not be discharged for reporting unsafe working conditions and that the hospital would be adequately staffed.

36. Based on the written and oral representations and promises of Defendants, and/or conduct of Defendants, Plaintiffs had an employment contract with Defendants that that Plaintiffs would not be discharged for reporting unsafe working conditions and that the hospital would be adequately staffed.

37. Notwithstanding the foregoing, Defendant did not provide a safe hospital that was properly staffed with medical personnel or security and after Plaintiffs' were assaulted by

a combative patient on July 9, 2018, they were suspended and Plaintiff Voellger was terminated. This constituted a breach of contract.

38. Defendants' failure and refusal to perform its obligation under the contract has damaged Plaintiffs in the following manner, they were deprived of the benefit of their bargain and have suffered damages.

Wherefore, Plaintiffs request relief as set forth below.

## FOURTH CAUSE OF ACTION
### Intentional infliction of Emotional Distress
### (As to all Defendants)

39. Plaintiffs hereby incorporate by reference the foregoing paragraphs, as though fully set forth herein.

40. Defendants' conduct in allowing the abuse of Plaintiffs as described above was extreme and outrageous and went beyond all bounds of decency.

41. In committing the acts of abuse described above, Defendants caused, or recklessly disregarded the probability of causing, severe emotional distress to Plaintiffs.

42. Defendant violated the California Labor Code when in fostered an unsafe environment that was understaffed and unprotected from outside attack by combative patients and people walking in off the street with guns, bats, and knives.

43. Defendants failed or refused to take reasonable action to prevent or promptly correct the problems despite repeated requests by hospital staff and repeated attacks on the hospital.

44. As a direct and proximate result of Defendant's wrongful actions and abuse as described above, Plaintiffs suffered the following serious injuries and damages: Plaintiffs began to experience a number of psychological symptoms which included: difficulty sleeping; headaches; anger; anxiety/dread of going to work and encountering further attack; loss of self-esteem; feelings of doubt; difficulty concentrating; upset stomach; and loss of appetite.

45. Defendants' abuse of plaintiffs as described above renders it guilty of oppression, fraud, or malice. As a result, Plaintiffs are entitled to an award of punitive damages.

Wherefore, Plaintiffs request relief as set forth below.

## FIFTH CAUSE OF ACTION
### Negligent infliction of Emotional Distress
### (As to all Defendants)

46. Plaintiffs hereby incorporate by reference the foregoing paragraphs, as though fully set forth herein.

47. Defendants' conduct in allowing the abuse of Plaintiffs as described above was extreme and outrageous and went beyond all bounds of decency.

48. In committing the acts of abuse described above, Defendants negligently caused, or recklessly disregarded the probability of causing, severe emotional distress to Plaintiffs.

49. Defendant violated the California Labor Code when in fostered an unsafe environment that was understaffed and unprotected from outside attack by combative patients and people walking in off of the street with guns, bats, and knives.

50. Defendants failed or refused to take reasonable action to prevent or promptly correct the problems despite repeated requests by hospital staff and repeated attacks on the hospital.

51. As a direct and proximate result of Defendant's wrongful actions and abuse as described above, Plaintiffs suffered the following serious injuries and damages: Plaintiffs began to experience a number of psychological symptoms which included: difficulty sleeping; headaches; anger; anxiety/dread of going to work and encountering further attack; loss of self-esteem; feelings of doubt; difficulty concentrating; upset stomach; and loss of appetite.

52. Defendants' abuse of Plaintiffs as described above renders it guilty of oppression, fraud, or malice. As a result, Plaintiffs are entitled to an award of punitive damages.

Wherefore, Plaintiffs request relief as set forth below.

## SIXTH CAUSE OF ACTION
### OSHA Violation

PLAINTIFFS' COMPLAINT FOR DAMAGES- 9

**(As to all Defendants)**

53. Plaintiffs re-allege each paragraph of this Complaint as though fully set forth.

54. Defendants' conduct as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiffs.

55. The California Labor Code at section 6402 provides that "No employer shall require, or permit any employee to go or be in any employment or place of employment which is not safe and healthful."

56. Defendants' conduct in allowing the abuse of Plaintiffs as described above violated section 6402. And defendants' discipline of Plaintiffs' violated sections 6310 and 6311 of the code.

57. Defendant violated the California Labor Code when in fostered an unsafe environment that was understaffed and unprotected from outside attack by combative patients and people walking in off of the street with guns, bats, and knives.

58. Defendants failed or refused to take reasonable action to prevent or promptly correct the problems despite repeated requests by hospital staff and repeated attacks on the hospital.

59. As a direct and proximate result of Defendant's wrongful actions and abuse as described above, Plaintiffs suffered the following serious injuries and damages: Plaintiffs began to experience a number of psychological symptoms which included: difficulty sleeping; headaches; anger; anxiety/dread of going to work and encountering further attack; loss of self-esteem; feelings of doubt; difficulty concentrating; upset stomach; and loss of appetite.

60. Defendants' abuse of Plaintiffs as described above renders it guilty of oppression, fraud, or malice. As a result, Plaintiffs are entitled to an award of punitive damages.

Wherefore, Plaintiffs request relief as set forth below.

WHEREFORE, Plaintiffs pray for judgment against defendants, and each of them, as follows:

1. For damages for breach of contract according to proof, including lost earnings and other employee benefits, past and future;

2. For compensatory damages according to proof, including lost earnings and other employee benefits, costs of seeking other employment, and damages for emotional distress, humiliation, and mental anguish;

3. For interest on lost earnings and benefits at the prevailing legal rate from July 27, 2018;

4. For punitive damages in an amount appropriate to punish defendant and deter others from engaging in similar misconduct;

5. For reasonable attorney's fees incurred by Plaintiffs in obtaining the benefits due him/her under the employment contract with defendant;

6. For costs of suit incurred by Plaintiffs; and

7. For such other and further relief as the court deems proper.

Dated: August 20, 2019

Plaintiffs demand a jury trial.

BY: _____

TIEGA-NOEL VARLACK
Attorney for Plaintiffs

PLAINTIFFS' COMPLAINT FOR DAMAGES- 11