M. Alieu Iscandari, Esq. (SBN 184307)
**ISCANDARI & ASSOCIATES**
303 Hegenberger Road, Suite 311
Oakland CA 94621
Telephone: (510) 606-9062
Facsimile:  (510) 722-2241
E-mail: Izcan79@gmail.com

Tiega-Noel Varlack, Esq. (SBN 248203)
**VARLACK LEGAL SERVICES**
225 W. Winton Avenue, Suite 207
Hayward, CA 94544
Telephone: (510) 397-2008
Facsimile:  (510) 397-2997
E-mail: tiega@varlacklegal.com

Attorneys for Plaintiff
HEIDI VOELLGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| HEIDI VOELLGER,<br><br>             Plaintiff,<br><br><br>vs.<br><br><br><br><br>DIGNITY HEALTH,<br><br>             Defendant. | **Case No.: 3:19-cv-07089-RS**<br><br>PLAINTIFF'S THIRD AMENDED COMPLAINT FOR:<br><br>1.  **WRONGFUL TERMINATION;**<br>2.  **RETALIATION;**<br>3.  **BREACH OF CONTRACT;**<br>4.  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>5.  **NELIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br>6.  **OSHA VIOLATIONS**<br>7.  **UNFAIR BUSINESS PRACTICES**<br><br>**Jury Trial Demanded** |

*PLAINTIFF VOELLGER'S THIRD AMENDED COMPLAINT FOR DAMAGES*

HEIDI VOELLGER ("Plaintiff"), by and through her counsel brings this action against Defendant, DIGNITY HEALTH ("Defendant" "Employer" "St. Mary's Medical Center") for wrongful termination, retaliation: violation of whistle blower statute, breach of contract, emotional distress, failure to comply with OSHA, and Unfair Business Practices. Plaintiff complains and alleges as follows:

## I. THE PARTIES

1. Plaintiff Heidi Voellger was at all times mentioned, a resident of the state of California and a Registered Nurse and employee of the St Mary's Medical Center, located in San Francisco California, and was assigned to the Emergency Room.

2. Plaintiff Jose Aldana was at all times mentioned, a resident of the state of California and a Registered Nurse and employee of the St Mary's Medical Center, located in San Francisco California, and was assigned to the Emergency Room.

3. Defendant St Mary's Medical Center is and at all times mentioned herein was a corporation organized and existing under the laws of the State of California with its principal place of business in San Francisco County, California.

4. Defendant Kathleen Kuntz was at all times mentioned the Chief Nurse Executive of Defendant St Mary's Medical center and in that capacity was responsible for all the wrongful actions taken against Plaintiffs.

5. Defendants DOES 1 through 10 were at all times relevant herein employees, agents, and/or members of the Board of Directors of Defendant St Mary's Medical Center and were persons who directly made or were involved in the decision to wrongfully terminate the employment of Plaintiff Voellger and suspension of Plaintiff Aldana in violation of public policy.

6. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will pray for leave of this court to amend this complaint to allege the true names and capacities when ascertained.

7. Plaintiffs are informed and believe, and thereon allege, that each of the defendants herein, was, at all times relevant to this action, the agent, employee, representing partner, or joint venturer of the remaining defendants and was acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

## II. JURISDICTION AND VENUE

8. Jurisdiction and venue as to Defendants is proper in this judicial district, pursuant to Code of Civil Procedure section 395(a). Defendants reside in San Francisco City and County and is otherwise within this Court's jurisdiction for purposes of service of process.

9. This Court has jurisdiction over Plaintiffs' claim pursuant to California Government Code Section 12965. Venue is proper in this Court because, pursuant to Section 12965, the unlawful practices are alleged to have taken place in San Francisco City and County, California.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Pursuant to Plaintiffs' employment with Defendant Dignity, they entered into a Collective Bargaining Agreement Between Dignity Health and California Nurses Association ("CNA"), California Master Contract July 1, 2017-June 30, 2021 ("CBA").

11. The purpose of the CBA was to ensure the "protection of patients" by maintaining an "efficient and uninterrupted" operation of the facilities that comprise the Employer, namely St. Mary's.

12. Article 24 of the CBA concerns the interpretation of disputes relating to the CBA.

13. Section 1, therein defines, "Grievance" –as "**a dispute concerning the interpretation or application of any provision of this Agreement. This procedure shall be the exclusive remedy for all asserted violations of this Agreement except for Article 4 (No Discrimination) as otherwise provided in this Agreement, or for any matter that cannot be waived under federal or state law**." (emphasis added)

14. In the instant case following Dignity's adverse employment action on July 27, 2018, CNA Union Representative John Mill filed a written grievance (Step Two Grievance) on behalf of Plaintiffs, and all affected nurses for the hospital's violation of the CBA. (**Exhibit 1**.)

15. The grievance was arbitrated on November 30, 2018 but was withdrawn by CNA before the arbitrator reached a decision.

16. By choosing to initially arbitrate their grievances, Plaintiffs did not waive their statutory rights to be free from discrimination harassment and retaliation in violation of state and federal law.

17. Likewise, Plaintiffs' claims under the California Fair Employment and Housing Act (FEHA), Gov C § 12940 et seq., were not preempted by § 301 of the Labor Management Relations Act, 29 USCS § 185, because the FEHA claims did not depend on interpretation of the CBA.

18. On August 20, 2019, Plaintiffs filed timely complaints of retaliation, and in Ms. Voellger's case wrongful termination and discrimination, with the California Department of Fair Employment and Housing ("DFEH") and received Right-To-Sue notices.

19. Although Plaintiffs filed their DFEH complaints more than a year after the adverse employment actions that happened on July 27 2018 – suspension without pay, and, in Plaintiff's Voellger's case, termination – equitable tolling applied to extend the statute of limitations for their FEHA claims as Plaintiffs initiated the grievance in a good faith effort to address the retaliation and discrimination before abandoning the process.

20. A copy of the notices is attached as **Exhibit 2**.

### IV. FACTUAL ALLEGATIONS

21. Plaintiff Heidi Voellger has been a registered Nurse for over 20 years. She has spent approximately 17 years as a Registered Nurse in the Emergency Room. At the time of the incidents alleged herein Plaintiff had been employed as an Emergency room nurse for approximately eight years at St Mary's Medical Center and has recently been promoted to a Staff Nurse IV.

22. Plaintiff Jose Aldana has been a registered Nurse for 20 years. At the time of the incidents alleged herein Plaintiff had been employed as an Emergency room nurse for approximately eighteen years at St Mary's Medical Center as a Staff Nurse II/Charge Nurse.

23. On July 9, 2018, a patient was taken to the ER at St Mary's Medical Center by ambulance after he had been found within the Haight area with an open wound to his head.  The patient was extremely intoxicated.  On the day in question, the ER was short-staffed by two nurses.

*PLAINTIFF VOELLGER'S THIRD AMENDED COMPLAINT FOR DAMAGES*

24. During the time that he was in the ER the patient was extremely hostile and combative. He repeatedly refused care and was yelling at staff as he was assigned a hall hospital bed.

25. In fact, the patient was so combative that security was called to restrain the patient's hands while the attending physician administered him care.

26. After being examined the patient refused to leave the hospital; instead, he began to scream and yell threats.  This is when Plaintiff Aldana came around the corner and told the patient he was discharged.

27. As plaintiff Aldana attempted to assist patient up from the b ed, he became belligerent and swung at Plaintiff Aldana and tried to attack Plaintiff Voellger while he was on the bed.

28. The bed was located in a hall with EKGs and medical equipment.  To protect the patient, the equipment, and all others on the floor, Plaintiffs wheeled the patient outside.  Patient continued to yell expletives and swing at Plaintiffs with closed fists.

29. To protect themselves Plaintiffs did not use their hands to assist the patient, instead they used a "pull sheet" to assist the patient up and away from them and onto his feet.

30. Patient rose to his feet, then laid on the ground and would not move until the police were called.  Portions of the incident were captured on video and witnessed by staff and the security guard.

31. Despite overwhelming evidence that Plaintiffs handled the incident correctly, Defendant disciplined Plaintiffs for alleged violation of policy.  After the incident, Plaintiffs were suspended and ultimately terminated from employment on July 27, 2018.

///

**FIRST CAUSE OF ACTION**
**Wrongful Termination in Violation of Public Policy**
**(As to all Defendants)**

32. Plaintiff Voellger hereby incorporates by reference the foregoing paragraphs, as though fully set forth herein.  Moreover, Plaintiff has standing to assert this cause of action in this forum because the CBA specifically excludes violations of state and federal law, such as discriminatory wrongful termination, from the grievance process.

33. As Chief executive of an organization's nursing staff and practices, Ms. Kuntz was responsible for strategic planning, human resources, standards, and best practices during all relevant times herein.

34. As CNE, Ms. Kuntz was responsible for terminating Voellger's employment and suspending Aldana.

35. She was further responsible for the unlawful actions as described above because she was in a managerial role and was aware of the harassment but failed to investigate it competently.

36. Ms. Kuntz also failed to support, educate, train or provide security for the ED staff, and this created a toxic and hostile environment.

37. For at least the past two years leading up to the day in question the ER the department had been without a manager and down several nurses on every shift.

38. The CNE willfully ignored and failed to act upon verbal and written complaints by both plaintiffs/whistleblowers and other ED staff regarding security, staffing and other chronic safety violations.

39. This willful neglect by the hospital has placed PLAINTIFFS and patients in harm's way and has led to numerous and documented cases of assault and workplace violence in the ED.

40. The CNE, has not been addressed much less remediated the hospital's inaction.

41. Plaintiff's wrongful termination from her employment with Defendant was based upon Defendant's violation of the Public Policy of the State of California as put forward in the Fair Employment Housing Act, the California Constitution, and other statutes and provisions.

Specifically, plaintiff was terminated in violation of Govt. Code section 12940(k), whereas Dignity failed to take all reasonable steps necessary to prevent discrimination and harassment from occurring, namely for failing to prevent Plaintiff's discriminatory discharge after she reported ongoing misconduct in the ER, namely Health & Safety Code violations.

42. As a proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer substantial monetary losses and has suffered and continues to suffer emotional distress in an amount according to proof at the time of trial.

43. Defendants, and each of them, did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. The acts alleged herein were known to, authorized, and ratified by Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants and each of them, in an amount according to proof at the time of trial.

Wherefore, Plaintiffs request relief as set forth below.

## SECOND CAUSE OF ACTION
### Retaliation in Violation of Government Code §12940(h); Labor Code Section 1102.5 (As to all Defendants)

44. Plaintiff Voellger hereby incorporates by reference the foregoing paragraphs, as though fully set forth herein.

45. In violation of California Government Code § 12940 et seq. and Labor Code 1102.5, Defendants retaliated against Plaintiff "for disclosing information … to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance."

46. Namely, after Plaintiff Voellger called the police and then reported the incident to Defendant's upper management over the lack of security in the ER on July 9, 2018, Plaintiffs were suspended and in Plaintiff Voellger's case terminated.

*PLAINTIFF VOELLGER'S THIRD AMENDED COMPLAINT FOR DAMAGES*

47. By reason of the conduct of Defendants and each of them as alleged herein, Plaintiffs have necessarily retained attorneys to prosecute the within action. Plaintiffs are therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of Defendants and each of their actions, Plaintiffs sustained economic damages to be proven at trial. As a further result of Defendants and each of their actions, Plaintiffs suffered emotional distress, resulting in damages to be proven at trial.

48. The conduct of Defendants and of their agents and/or employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for Plaintiffs' rights and for the deleterious consequences of Defendants' actions. Defendant and their agents and/or employees or supervisors authorized, condoned, and ratified the unlawful conduct against Plaintiffs. Consequently, Plaintiffs are entitled to punitive damages against Defendants.

Wherefore, Plaintiffs request relief as set forth below.

### THIRD CAUSE OF ACTION
### <u>Breach of Contract</u>
### <u>(As to all Defendants)</u>

49. Plaintiff Voellger hereby incorporates by reference the foregoing paragraphs, as though fully set forth herein.

50. Plaintiff entered in an employment contract with Defendant.  Defendant agreed to pay Plaintiff's hourly wages on an average 40-hour work week excluding overtime. The existence of the employment contract was evidenced by several pay stubs from the Defendant to Plaintiff.

51. Plaintiff has at all times performed the terms of the contract which in essence required that they provide labor in return for the agreed upon wages and a safe working space.

52. Plaintiff was employed by Defendant for many years, consistently received either good or excellent performance evaluations, and merit raises, and was assured on numerous

occasions that she was doing a good job and that she would be safe to work without fear of physical assault and bodily harm.

53. Plaintiff relied on these assurances; to conclude that the parties had entered into an implied contract that Plaintiff would not be discharged for reporting unsafe working conditions and that the hospital would be adequately staffed.

54. Based on the written and oral representations and promises of Defendants, and/or conduct of Defendants, Plaintiffs had an employment contract with Defendants that that Plaintiffs would not be discharged for reporting unsafe working conditions and that the hospital would be adequately staffed.

55. Notwithstanding the foregoing, Defendant did not provide a safe hospital that was properly staffed with medical personnel or security and after Plaintiffs' were assaulted by a combative patient on July 9, 2018, they were suspended, and Plaintiff Voellger was terminated.  This constituted a breach of contract.

56. Section 1 of Article 24 of the CBA states that grievance does not include discrimination or adjudication of claims arising from any claim that cannot be waived under state or federal law, because plaintiffs' claims are for being discriminated against and retaliated against for acting as whistleblowers, their individual claims for breach of contract are not preempted by law.

57. Defendants' failure and refusal to perform its obligation under the contract has damaged Plaintiffs in the following manner, they were deprived of the benefit of their bargain and have suffered damages.

Wherefore, Plaintiffs request relief as set forth below.

## FOURTH CAUSE OF ACTION
### Intentional infliction of Emotional Distress
### (As to all Defendants)

58. Plaintiff Voellger hereby incorporates by reference the foregoing paragraphs, as though fully set forth herein.

*PLAINTIFF VOELLGER'S THIRD AMENDED COMPLAINT FOR DAMAGES*

59. Defendant's conduct in allowing the abuse of Plaintiffs as described above was extreme and outrageous and went beyond all bounds of decency.

60. Dignity's conduct went beyond the bounds of decency because it knew, since at least 2017, that St. Mary's ER Staff served as the front line of San Francisco's drug use and homeless epidemic, and yet refused to provide adequate security and failed to staff a manager in the ER for over two years.  This was aggravated by the fact that Defendant knew its nurses had been continually assaulted by patients, and in the case of Sandra Renteria, had been forced to file criminal assault charges.

61. As Chief executive of an organization's nursing staff and practices, Ms. Kuntz was responsible for strategic planning, human resources, standards, and best practices during all relevant times herein.

62. As CNE, Ms. Kuntz was responsible for terminating Voellger's employment and suspending Aldana.

63. She was further responsible for the unlawful actions as described above because she was in a managerial role and was aware of the harassment but failed to investigate it competently.

64. Ms. Kuntz also failed to support, educate, train or provide security for the ED staff, and this created a toxic and hostile environment.

65. For at least the past two years leading up to the day in question the ER the department had been without a manager and down several nurses on every shift.

66. The CNE willfully ignored and failed to act upon verbal and written complaints by both plaintiffs/whistleblowers and other ED staff regarding security, staffing and other chronic safety violations.

67. This willful neglect by the hospital has placed PLAINTIFFS and patients in harm's way and has led to numerous and documented cases of assault and workplace violence in the ED.

68. The CNE, has not been addressed much less remediated the hospital's inaction.

69. Nonetheless, Dignity turned a blind eye and allowed the ER to operate without a manager and without adequate security culminating in the attack on Plaintiffs, which culminated in the filing of this lawsuit.

70. In committing the acts of abuse described above, Defendants caused, or recklessly disregarded the probability of causing, severe emotional distress to Plaintiffs.

71. Defendant violated the California Labor Code when in fostered an unsafe environment that was understaffed and unprotected from outside attack by combative patients and people walking in off the street with guns, bats, and knives.

72. Defendants failed or refused to take reasonable action to prevent or promptly correct the problems despite repeated requests by hospital staff and repeated attacks on the hospital.

73. As a direct and proximate result of Defendants' wrongful actions and abuse as described above, Plaintiffs suffered the following serious injuries and damages: Plaintiffs began to experience a number of psychological symptoms which included: difficulty sleeping; headaches; anger; anxiety/dread of going to work and encountering further attack; loss of self-esteem; feelings of doubt; difficulty concentrating; upset stomach; and loss of appetite.

74. Defendants' abuse of Plaintiffs as described above renders it guilty of oppression, fraud, or malice.  As a result, Plaintiffs are entitled to an award of punitive damages.

Wherefore, Plaintiffs request relief as set forth below.

### FIFTH CAUSE OF ACTION
### <u>Negligent infliction of Emotional Distress</u>
### <u>(As to all Defendants)</u>

75. Plaintiff Voellger hereby incorporates by reference the foregoing paragraphs, as though fully set forth herein.

76. Defendants' conduct in allowing the abuse of Plaintiffs as described above was extreme and outrageous and went beyond all bounds of decency.

77. In committing the acts of abuse described above, Defendants negligently caused, or recklessly disregarded the probability of causing, severe emotional distress to Plaintiffs.

*PLAINTIFF VOELLGER'S THIRD AMENDED COMPLAINT FOR DAMAGES*

78. Defendant violated the California Labor Code when in fostered an unsafe environment that was understaffed and unprotected from outside attack by combative patients and people walking in off of the street with guns, bats, and knives.

79. Defendants failed or refused to take reasonable action to prevent or promptly correct the problems despite repeated requests by hospital staff and repeated attacks on the hospital.

80. As a direct and proximate result of Defendant's wrongful actions and abuse as described above, Plaintiffs suffered the following serious injuries and damages: Plaintiffs began to experience a number of psychological symptoms which included: difficulty sleeping; headaches; anger; anxiety/dread of going to work and encountering further attack; loss of self-esteem; feelings of doubt; difficulty concentrating; upset stomach; and loss of appetite.

81. Defendants' abuse of Plaintiffs as described above renders it guilty of oppression, fraud, or malice.  As a result, Plaintiffs are entitled to an award of punitive damages.

Wherefore, Plaintiffs request relief as set forth below.

**SIXTH CAUSE OF ACTION**
**<u>OSHA Violation</u>**
**<u>(As to all Defendants)</u>**

82. Plaintiffs re-allege each paragraph of this Complaint as though fully set forth.

83. Defendants' conduct as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiffs.

84. As Chief executive of an organization's nursing staff and practices, Ms. Kuntz was responsible for strategic planning, human resources, standards, and best practices during all relevant times herein.

85. As CNE, Ms. Kuntz was responsible for terminating Voellger's employment and suspending Aldana.

86. She was further responsible for the unlawful actions as described above because she was in a managerial role and was aware of the harassment but failed to investigate it competently.

87. Ms. Kuntz also failed to support, educate, train or provide security for the ED staff, and this created a toxic and hostile environment.

88. For at least the past two years leading up to the day in question the ER the department had been without a manager and down several nurses on every shift.

89. The CNE willfully ignored and failed to act upon verbal and written complaints by both plaintiffs/whistleblowers and other ED staff regarding security, staffing and other chronic safety violations.

90. This willful neglect by the hospital has placed plaintiffs and patients in harm's way and has led to numerous and documented cases of assault and workplace violence in the ED.

91. The CNE, has not been addressed much less remediated the hospital's inaction.

92. California Labor Code Section 6310 prohibits any "person" from "discharg[ing]" or "discriminat[ing]" against any employee who takes a number of actions, including "making any oral or written complaint to…his or her employer[.]" Cal. Lab. Code § 6310.

93. Section 6311 provides: "No employee shall be laid off or discharged for refusing to perform work in the performance of which this code, including Section 6400, any occupational safety or health standard or any safety order of the division or standards board will be violated, where the violation would create a real and apparent hazard to the employee or his or her fellow employees."

94. Here, on July 9, 2018, February 3, 2016, May 20, 2013, and May 4, 2013, Plaintiff Voellger contacted the San Francisco Police Department to report incidents of workplace violence/unsafe conditions, most recently on July 9, 2018 and February 3, 2016.

95. In the incident on February 3, 2016 (SFPD Incident Number:  160-104-493), San Francisco Police arrived to Plaintiff Voellger's call for service after a volatile patient

threw water on the floor, broke a cup, and threw a chair across the room, and began slapping Voellger's arms and hands.  The patient was arrested by SFPD, who noted that another witness to the attack Dr. Matthew Deny "called for security to remove Morales from the emergency room."  However, this was after he attacked Plaintiff Voellger.

96. Despite security not showing up in time to prevent the attack Plaintiff continued to report to work despite their being an active bomb threat on the hospital's campus on March 3, 2017.  At that time, Plaintiff wrote a letter to CEO Dean Lloyd (management) explaining that the ER was in crisis and needed security and safeguards in place.

97. On March 17, 2017 VP/Chief Security, Safety & Emergency Management Officer Dennis Hemphill wrote a letter in reply to Plaintiff's Voellger's letter.

98. He acknowledged that there "have been numerous challenged with contract security staffing at St. Mary's."  He further stated that the hospital would double its security staff and provide a dedicated security officer to the ED 24/7.

99. This did not happen and on June 20, 2018, the ER nurses, Betty Lee, Nicky Pang, Heidi Voellger, and others filed an Assignment Despite Objection which was a verbally protest to her assignment in the ER because the work placed patient care at risk.

100. Collectively, the four police reports, and ADO represented an oral and written complaint within the meaning of Section 6310, and with respect to the ADO it was a verbal refusal to work within the meaning of section 6311.

101. Thus, when Plaintiff was attacked again on July 9, 2018 after exercising her rights as a whistleblower, and nothing was done to improve security but Plaintiff was terminated, it showed an uneven approach to the problem of safety with Plaintiff being pegged as the posterchild of what not to do when being attacked by a patient when there is inadequate security.

102. And as such defendants' decision to terminate Plaintiff violated sections 6310 and 6311 of the code.

103. Defendant violated the California Labor Code when in fostered an unsafe environment that was understaffed and unprotected from outside attack by combative patients and people walking in off of the street with guns, bats, and knives.

104. Defendants failed or refused to take reasonable action to prevent or promptly correct the problems despite repeated requests by hospital staff and repeated attacks on the hospital.

105. As a direct and proximate result of Defendant's wrongful actions and abuse as described above, Plaintiffs suffered the following serious injuries and damages: Plaintiffs began to experience a number of psychological symptoms which included: difficulty sleeping; headaches; anger; anxiety/dread of going to work and encountering further attack; loss of self-esteem; feelings of doubt; difficulty concentrating; upset stomach; and loss of appetite.

106. Defendants' abuse of Plaintiffs as described above renders it guilty of oppression, fraud, or malice.  As a result, Plaintiffs are entitled to an award of punitive damages.

Wherefore, Plaintiffs request relief as set forth below.

## SEVENTH CAUSE OF ACTION
### Unfair Business Practices
### (As to all Defendants)

107.  Plaintiff incorporates the previous paragraphs into this cause of action.

108.  Plaintiff realleges the allegations of paragraph 1 through 106 above as though fully set forth herein.

109. Defendant employer operated an unsafe workplace in violation of Labor Code Sections 6402, 6403, 6404, on a daily basis during multiple work shifts per business day from July 2016 through July 9, 2018.

110. The California Labor Code at section 6402 provides that "No employer shall require or permit any employee to go or be in any employment or place of employment which is not safe and healthful."

*PLAINTIFF VOELLGER'S THIRD AMENDED COMPLAINT FOR DAMAGES*

111. Defendants' conduct in allowing the abuse of Plaintiffs as described above violated section 6402.

112. Defendants' illegal conduct was willful and serious and directly caused the assault and battery of many workers including two assaults on Plaintiff within a two-year period and hundreds of incidents of workplace violence as reported in defendant's internal reports and the California Department of Industrial Relations.

113. Defendant's failure to follow worker safety laws amounts to an unlawful, unfair, and fraudulent business practice under California business and Professions Code Section 17200.

114. Plaintiff hereby seek civil penalties of up to $2,500 per violation to the maximum extent permitted by law for Defendants' illegal operation of its hospital from July 2016 through July 9, 2018.

115. Plaintiff pursuant to Cal. Bus. & Prof. Code § 17200, brings this cause of action as a private attorney general.

116. Plaintiff Voellger hereby alleges that St. Mary's violated Cal. Bus. & Prof. Code Section 17200 prohibiting "Unfair competition," defined in Section 17200 of the Business & Prof. Code as encompassing any one of the following five types of business wrongs: (1) an "unlawful" business act or practice; (2) an "unfair" business act or practice; (3) a "fraudulent" business act or practice; (4) "unfair, deceptive, untrue or misleading advertising"; and (5) any act prohibited by Sections 17500-17577.5. The definitions in Section 17200 are disjunctive. Each of these five "wrongs" operates independently from the others.

117. Section 17200 does not exempt specific industries but applies to any person. The term person has been broadly defined as "all-natural persons, corporations, firms, partnerships, joint stock companies, associations, and other organizations of persons."

118. An "unfair" business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

119. By and through their conduct, including the conduct detailed above, defendants have engaged in activities which constitute unfair competition prohibited by California Business and Professions Code § 17200 et seq. in that the above described conduct is unlawful and/or unfair and/or fraudulent within the meaning of the statute.

120. Specifically, defendants have engaged in and on information and believe continue to engage in unlawful conduct by violating Labor Code Sections 6402, 6403, 6404.

121. Through St. Mary's business practice of requiring its employees to report to work when it was unsafe to do so, by discharging plaintiff for reporting violations to the CEO and SFPD, and by falsely advertising that it was a safe hospital (Bus. Prof. Code § 17500), this type of conduct serves as a predicate for violation of Cal. Bus. & Prof. Code § 17200

122. As explained in the preceding paragraphs, defendants and each of them were aware of the "unlawful acts" committed in violation of a number of regulations.

123. Besides being unlawful, defendant's conduct alleged herein is "unfair" within the meaning of § 17200 inasmuch as such conduct offends public policy in this State, has no utility or rational justification, and is substantially injurious to consumers.

124. Besides being unlawful and unfair, defendants conduct alleged herein is "fraudulent" and/or "misleading" within the meaning of California Business and Professions Code § 17200 and § 17500 inasmuch as such conduct is likely to deceive members of the general public.

125. Plaintiff is prosecuting this action for enforcement of important rights affecting the public interest, and therefore seeks to recover its attorneys' fees under § 1021.5 of the Code of Civil Procedure, and/or under the "common fund" doctrine available to a prevailing plaintiff who wins restitutionary damages for the general public.

126. WHEREFORE, the Plaintiff requests relief as set forth herein.

///

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

1. For damages for breach of contract according to proof, including lost earnings and other employee benefits, past and future;

2. For compensatory damages according to proof, including lost earnings and other employee benefits, costs of seeking other employment, and damages for emotional distress, humiliation, and mental anguish;

3. For interest on lost earnings and benefits at the prevailing legal rate from July 27, 2018;

4. For punitive damages in an amount appropriate to punish defendant and deter others from engaging in similar misconduct;

5. For reasonable attorney's fees incurred by plaintiff in obtaining the benefits due him/her under the employment contract with defendant;

6. For costs of suit incurred by plaintiff; and

7. For such other and further relief as the court deems proper.


    Plaintiffs demand a jury trial.


DATED: October 21, 2020                      VARLACK LEGAL SERVICES


                                         BY: s/Tiega-Noel Varlack
                                           Tiega-Noel Varlack, Esq.
                                           Attorney for Plaintiff,
                                           HEIDI VOELLGER



**EXHIBIT 1**

*Voellger v. Dignity*

*Case No.: 19-cv-07089*

## Jon Mill

| | |
|---|---|
| **From:** | Jon Mill |
| **Sent:** | Friday, July 27, 2018 4:58 PM |
| **To:** | Kathleen.Kuntz@DignityHealth.org; Adriana.Banks@DignityHealth.org; Dennis.Scott2 @DignityHealth.org; Kyle.Kloss@DignityHealth.org |
| **Cc:** | hvoellger@msn.com; joe.aldana@mac.com; omaha269@gmail.com; julie tuiasosopo; Mark Rodriguez; geo_nurse@yahoo.com; michelleglbbs620@gmail.com; Laura Crain ED; Kevin Baker |
| **Subject:** | Step Two Grievance failure to show Just Cause, Article 23, in the Terminations of Joe Aldana and Heidi Voellger |

This email serves as CNA's Step Two Grievance filed on behalf of Joe Aldana, Heidi Voellger and all affected Nurses for the hospital's violation of the Collective Bargaining Agreement (CBA). The hospital violated the CBA, including, but not limited to Article 23, when it terminated Joe Aldana and Heidi Voellger without Just Cause.

The employer failed to meet or even fully grasp the tests of Just Cause in this case. The employer failed to conduct a thorough, impartial, and fair investigation. The employer failed to state any specific rules or policies that were violated by the grievants when asked at the investigatory and termination meetings. The employer failed to state what alternative actions the grievants should have taken instead on the shift in question during our investigatory and termination meetings. The employer failed to treat the grievants equally as other staff members have not been terminated for similar instances. The hospital also failed to investigate their own history as the grievants themselves and other Staff have discharged patients in a similar way without discipline in the past but today were terminated. The employer also placed the grievants in double jeopardy choosing to provide two disciplines 1. suspension without pay and 2. termination of employment for the same alleged offense. The employer has has also failed to provide the grievants with their complete final check, including the suspension days, as required by law. The above failures represents disparate treatment by the employer and a failure to establish Just Cause.

More significantly the employer also failed to support, educate, train or provide security for the ED staff. For at least the past two years the department has been without a manager and down several nurses on every shift. The employer willfully ignored and failed to act upon verbal and written complaints by both the above named grievants/whistleblowers and other ED staff regarding security, staffing and other chronic safety violations. This willful neglect by the hospital has placed our members and our patients in harm's way and has lead to numerous and documented cases of assault and workplace violence in the Emergency Department to our Nurses, patients and security staff. These cases have also not been addressed much less remediated by the hospital.

Given the above willful neglect of documented safety concerns by Heidi Voellger, which the employer is both aware of and acknowledged receipt of, this termination is also retaliatory in nature and a violation of the employer's no retaliation policy and state whistle blower protections.

The remedy in this situation is to make the above named grievants whole in all ways, including, but not limited to reinstatement, removal of any disciple from their personnel file and providing any and all back pay including their two and one half week unpaid suspension.

To process this grievance CNA is requesting the following information:
1. A detailed explanation of specific policies the hospital is alleging were violated by the above named grievants.
2. What specifically the grievants should have done differently to comply with policies.

1

3. Names, dates, and notes taken from all witness interviews.
4. All past disciplines related to workplace violence in the past three years, through the date of your response, for all contractual and non contractual employees.
5. All policies and procedures regarding hospital security.
6. The security logs from July 9, 2018.
7. The security logs from January 2017 through the date of your response.
8. The security footage from the ED entrance July 9, 2018.
9. The security camera footage from inside the ED on July 9, 2018.
10. The reason for investigating he July 9, 2018 Shift including any verbal or written complaints.
11. All policies and procedures regarding combative and assistive patients.
12. All policies and procedures regarding patient discharge from the ED.
13. All trainings received by ED staff regarding workplace violence in the past two years including phase 2 and 3 trainings- videos, didactic, power point slides, etc.
14. All reported instances of workplace violence January 2015 through the date of your response.
15. All reported cases of assault January 2015 though the date of your response.
16. The Human Resources working definition of Just Cause.
17. Any trainings provided to HR and administrative staff regarding Just Cause and just culture.

CNA reserves the right to add to or amend the above grievance and information request.

Please show the professional courtesy by providing an actual written response to the above grievance in a timely manner not to exceed 7 days per article 24 of the CBA. Please also provide the above requested information as it comes in as soon as possible and within ten days.

Sincerely,

Jon Mill
CNA Labor Representative

Sent from my iPhone

2



**EXHIBIT 2**

*Voellger v. Dignity*

*Case No.: 19-cv-07089*

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                       GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

August 20, 2019

Tiega-Noel Varlack
225 W. Winton Avenue, Suite 207
Hayward, California 94544

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 201908-07272520
      Right to Sue: Voellger / St. Mary's Medical Center

Dear Tiega-Noel Varlack:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

1   **COMPLAINT OF EMPLOYMENT DISCRIMINATION**
    **BEFORE THE STATE OF CALIFORNIA**
2   **DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
    **Under the California Fair Employment and Housing Act**
3   **(Gov. Code, § 12900 et seq.)**

4   **In the Matter of the Complaint of**
5   Heidi Voellger                                    DFEH No. 201908-07272520

6                              Complainant,
7   vs.

8   St. Mary's Medical Center
9       ,

10  Kathleen Kuntz
        ,
11
                               Respondents
12
_____

13  1. Respondent **St. Mary's Medical Center** is an **employer** subject to suit under the
14  California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

15  2. Complainant **Heidi Voellger**, resides in the City of State of .

16  3. Complainant alleges that on or about **November 30, 2018**, respondent took the
    following adverse actions:
17

18  **Complainant experienced retaliation** because complainant reported patient abuse
    (hospital employees only), reported or resisted any form of discrimination or
19  harassment, participated as a witness in a discrimination or harassment complaint
    and as a result was terminated, denied hire or promotion, suspended, demoted.
20

21  **Additional Complaint Details:** Claimant was retaliated against because she
22  reported an OSHA violation.

23

24

25

26
                                    -1-
27

28  Date Filed: August 20, 2019
    Date Amended: August 20, 2019

1   VERIFICATION

2   I, **Tiega-Noel Varlack, Esq.**, am the **Attorney** in the above-entitled complaint.  I have
3   read the foregoing complaint and know the contents thereof.  The matters alleged are
    based on information and belief, which I believe to be true.

4
    On August 20, 2019, I declare under penalty of perjury under the laws of the State of
5   California that the foregoing is true and correct.

6                                                                               **Hayward, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          -2-
                            *Complaint – DFEH No. 201908-07272520*

28
    Date Filed: August 20, 2019
    Date Amended: August 20, 2019