UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI VOELLGER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIGNITY HEALTH,<br><br>　　　　　Defendant. | Case No. 19-cv-07089-RS (JSC)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br>Re: Dkt. No. 75 |

Now pending before the Court is a discovery dispute joint letter brief. (Dkt. No. 75.) Upon review of the submission, oral argument is not required. *See* N.D. Cal. Civ. L.R. 7-1(b). The Court rules as set forth below.

**1. Plaintiff's Responses to Defendant's Document Requests Set 2**

Plaintiff's response that non-privileged documents will be produced is insufficient. Federal Rule of Civil Procedure 34(2)(B) requires a responding party to either produce responsive documents with the written response or state in the response "a reasonable time" at which the documents will be produced. Plaintiff's response did not state when she would produce the documents. Accordingly, Plaintiff must produce the documents promised in her updated response on or before June 29, 2021. Further, Plaintiff's response suggests she is withholding responsive documents on privilege grounds. Plaintiff must advise Defendant whether she is withholding responsive documents and, if so, provide a privilege log on or before July 1, 2021.

**2. Plaintiff's Site Inspection**

If Plaintiff has not already done so, she shall advise Defendant on or before June 22, 2021 which of the offered dates she will do her site inspection.

**3. Ms. Parker's Deposition Document Request**

Defendant's objection to Request No. 1 is overruled. Defendant does not explain why the request is overbroad and it is not self-evidence that a request limited to grievances and internal charges concerning Plaintiff would be burdensome to respond to.

Defendant's objection to Request No. 2 is overruled. While the request itself may be overbroad, Defendant's workplace violence prevention programs during the time frame requested are relevant to Plaintiff's remaining claims. Defendant shall produce documents sufficient to identify and describe those programs. A party is not excused from responding to a request because it is overbroad; instead, the party should respond to the extent it maintains is proportional to the needs of the case.

Defendant's privacy objection to Request No. 3 is overruled. Defendant does not articulate how correspondence between separate and unrelated agencies regarding workplace violence would implicate privacy. To the extent there is private information in such documents, they can be redacted.

The Court does not understand Plaintiff's Request No. 5 and Plaintiff's portion of the letter brief did not provide any explanation. Accordingly, Defendant's objection is sustained.

Defendant's objection to Plaintiff's Request No. 6 is sustained as Plaintiff does not offer any rationale for the request and its relevance is not self-evident.

Defendant's objection to Request No. 7 is sustained as the information sought is private information of a non-party and Plaintiff offers no explanation for the request.

The parties shall schedule the deposition to occur after the production of documents in accordance with this Order.

This Order disposes of Docket No. 75.

**IT IS SO ORDERED.**

Dated: June 21, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge